IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLAKE PILCHER, # S-13431, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 12-cv-970-MJR |
| ) | |
| MARNEY STONEBURNER-RABER, ) | |
| JOHN MONNET, ) | |
| STEVE LANGHURST and JAY BELL, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Graham Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for an incident occurring at Effingham County Jail. Plaintiff claims that officials at Effingham were deliberately indifferent to his serious medical condition. More specifically, Plaintiff complains that while exercising in his cell, he struck his head on the elevated box containing a television, causing a cut in his scalp. Jail guards advised a cold compress. Plaintiff requested a physician. Within three and a half hours of the incident jail personnel gave him Tylenol and within 5 hours the wound was cleaned with peroxide. It appears that Plaintiff filed a grievance immediately, as he states he received no written response from the jail administrator, Defendant Stoneburner-Raber, but was taken to a physician within twenty-four hours of the incident.

As to the remaining defendants, Plaintiff does not state in what manner each of these defendants is personally responsible for violating his constitutional rights. He states in a

1

conclusory fashion that Defendant Monnet denied him his rights.  Plaintiff believes he has a right to see a physician right away and to receive immediate medical attention.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendants for deliberate indifference to medical needs.

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

Plaintiff has not adequately stated a serious medical condition nor pleaded facts indicating that any defendant violated his Eighth Amendment protections. Accordingly, these claims shall be dismissed without prejudice.

**Disposition**

Plaintiff's claims against all Defendants for deliberate indifference to a serious medical need fails to state a claim upon which relief can be granted and will be **DISMISSED** from this action without prejudice. Defendants **STONEBURNER-RABER, MONNET, LANGHURST and BELL** shall be dismissed without prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

**IT IS SO ORDERED.**

**DATED: October 17, 2012**

                s/ MICHAEL J. REAGAN
                Michael J. Reagan
                United States District Judge